IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BREALYN LEE PETERSON,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:25-cv-01051-E (BT) |
| DALLAS COUNTY TEXAS,<br>Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is pro se plaintiff Brealyn Lee Peterson's motion for leave to proceed *in forma pauperis* (IFP) on appeal of the Court's June 12, 2026 judgment dismissing her case for failure to pay the filing fee. *See* Notice of Appeal (NOA) & Motion to Proceed IFP on Appeal (ECF Nos. 17, 17-1). For the following reasons, the District Judge should construe Peterson's NOA and motion to proceed IFP on appeal as containing a motion for reconsideration of the Court's June 12, 2026 judgment and instruct Peterson to move the United States Court of Appeals for the Fifth Circuit to remand the case so that this Court can grant the construed motion for reconsideration.

## Background

Peterson filed this action against Dallas County on April 29, 2025, alleging claims under 42 U.S.C. § 1983. Compl. (ECF No. 3); *see also* Am. Compl. (ECF No. 6).

Peterson moved to proceed IFP. Initial IFP Motion (ECF No. 4). The Court recommended that Peterson's IFP motion be denied because Peterson "received approximately $1,800 each month in the past 12 months before her IFP application from self-employment and gifts, and she expected to make $2,000 the month following her application." Finding, Conclusions, and Recommendation (FCR) at 2 (ECF No. 7). Further, Peterson's income—even before factoring in the expected increase—put her well above the federal poverty threshold for a one-person household in Texas. *Id.* at 2. And some of Peterson's expenses appeared to be discretionary and/or excessive. *Id.* at 3.

The District Judge accepted the FCR over Peterson's objections, and the Court ordered Peterson to pay the filing fee by June 1, 2026. *See* Ord. Accepting FCR (ECF No. 9). Peterson failed to pay the fee, so on June 12, 2026, the District Judge dismissed this case under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow Court orders. *See* Order of Dismissal (ECF No. 15); Judgment (ECF No. 16).

On July 13, 2026, Peterson filed a notice of appeal and motion to proceed IFP on appeal. NOA; Motion to Proceed IFP on Appeal.

**Analysis**

As explained below, Peterson's appellate IFP motion shows that her financial circumstances now support allowing her to proceed IFP. So in the interests of justice and judicial economy, the District Judge should construe her NOA and appellate IFP motion as containing a motion for reconsideration. *See*,

*e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that a document filed pro se is to be liberally construed); *Ray v. Base*, 2013 WL 6502869, at *2-3 (N.D. Cal. Dec. 11, 2013) (construing pro se notice of appeal as a motion for reconsideration and granting that motion when the court "inadvertently" dismissed the complaint without considering the plaintiff's response to a show-cause order).

Where, as here, a motion for reconsideration is filed outside the 28-day window provided in Rule 59(e), it is construed as a motion pursuant to Rule 60(b). *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 2011 WL 6130788, at *3 (E.D. La. Dec. 7, 2011) (citing *Texas A&M Rsch. Found. v. Magna Transp.*, Inc., 338 F.3d 394, 400 (5th Cir. 2003)).

Rule 60(b) provides that

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding [based on] (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(6).

Rule 60(b)(6) provides broad equitable powers to a court to set aside a final judgment "for any other reason that justifies relief." *Id.* "Rule 60(b)(6) 'is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.' 'The broad language of clause (6) gives the

courts ample power to vacate judgments whenever such action is appropriate to accomplish justice.'" *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992) (citations omitted).

Here, Peterson's changed financial circumstances warrant relief under Rule 60(b)(6) from the June 12, 2026 Judgment. Peterson's average monthly income for the last year was only $1,384.09. Motion to Proceed IFP on Appeal at 1. That puts her at $16,609.08 per year—just barely above the federal poverty guideline for a one-person household ($15,960) in 2026. *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited August 13, 2026). She has a negative account balance of $160.84. *Id.* at 2. She owns a 2018 Honda Accord, but she still owes over $27,000 on it. *Id.* at 3. Her monthly expenses are $2,543.62, including $406 for transportation and $620 in vehicle payments. But even discounting her transportation and vehicle payments, which are sometimes considered discretionary, her expenses of $1,517.62 still outpace her income. *Id.* at 4-5. Thus, Peterson has shown that payment of the filing fee will result in undue financial hardship, and she is entitled to relief from the June 12, 2026 Judgment.

Even so, the Court cannot vacate the June 12, 2026 Judgment yet because Peterson appealed it. A perfected appeal divests the district court of jurisdiction. *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995). Once a notice of appeal has been filed, the district court may consider or deny a motion for reconsideration, but "it no longer has jurisdiction to grant such a

motion while the appeal is pending." *Perkins v. Livingston*, 2012 WL 13184344, at *2 (E.D. Tex. Oct. 1, 2012) (citation omitted). If the district court is inclined to grant the motion, it is necessary to obtain leave from the Court of Appeals. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (citations omitted). If the district court "'indicates that it will grant the motion, the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion.'" *Winchester*, 68 F.3d at 949 (quoting *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697, 699 (5th Cir. 1955)).

Thus, the District Judge should indicate in the order accepting this recommendation that the Court will grant Peterson's construed motion for reconsideration and instruct Peterson to seek a remand from the Fifth Circuit so that the Court can rule on the construed motion.

**Recommendation**

The District Judge should construe Peterson's notice of appeal and related IFP motion as containing a motion for reconsideration, inform Peterson that the Court will grant such a motion upon a remand from the Fifth Circuit, and instruct Peterson to file a motion in the Fifth Circuit seeking such a remand.

SO RECOMMENDED.

September 18, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).